(Hamilton County Common Pleas Court.)

GEORGE B. HOLLISTER, TRUSTEE,
v. JANE R. HOWE et al.

---

An administrator or trustee under a will can maintain a suit to construe the will if there is anything to construe.

(Announced March 11, 1897.)

DAVIS, J.

The petition sets out that John Ross, on the 15th day of December, 1870, made his last will and testament, and that the same was probated on the 20th day of December, 1870. That said John Ross had four children, two of whom were living at the time of his decease, and two of whom were dead, the children then dead leaving children. The will appointed Charles V. Ross and Alonzo M. Ross as executors and trustees under said will; that said executors and trustees qualified. Said executors and trustees resigned on the 3rd day of February, 1882, and that George B. Hollister was appointed as trustee, and has acted as such trustee ever since.

The petition further avers that said John Ross left a widow, Lydia A. Ross, and that she died on the 17th day of January, A. D. 1897.

This petition is filed in this court to construe the will of said John Ross, and particularly the fourth item thereof, which is as follows:

''I give and bequeath to my wife, Lydia A. Ross, in lieu of her dower in all of my real estate of which I may die seized, and in lieu of all and every right, title and interest which she may have as my widow and relict and heir at law after my decease in my personal, mixed and real estate, the interest accruing on $25,000 of registered United States bonds, which said bonds are (now owned and) set apart for that purpose, the accruing interest aforesaid to be collected, set apart, held and enjoyed by her for and during the term of her natural life. Said bonds to be and remain deposited in the safe deposit bank of Cincinnati, Ohio, to-wit: The LaFayette Bank in said Cincinnti, Hamilton county, Ohio. And in the event that the said bonds shall at any time be paid by the United States Government during the life-time of my said wife Lydia, then I desire my said executors or their sur-

vivors, when said moneys are received by them as trustees, to re-invest in any new or subsequent issue of United States bonds, and the interest accruing thereon as aforesaid to be received by my said wife in her own proper person, and by her held and enjoyed for her own benefit alone, and thus to receive said interest on said bonds, during the time of her natural life, in gold coin."

The petition further avers that during the life-time of Lydia A. Ross, as provided in said fourth item of said will, she was paid the interest accruing on said bonds. It is also averred in the petition that said will contains no residuary clause.

To this petition a demurrer has been filed by the defendants, because the petition does not state facts sufficient to constitute a cause of action.

Under Sec. 6202, Rev. Stat., administrators or trustees under a will are given authority to file a petition to have a construction of a will if there is a doubt as to the meaning of said will or any item thereof. And the sole question submitted to this court in this case is: Is there anything to construe under said fourth item of the will of said John Ross?

Said fourth item specifically sets aside $25,000, and the same is placed in the hands of a trustee, in lieu of a dower in all of the real estate of which said John Ross may die seized, and in lieu of all and every right, title and interest she, as such widow, would have in his property, she, as his widow, to receive only the interest or income from $25,000.

Said fourth paragraph of said will makes no disposition of the principal, but directs that the interest or the income or increase of said principal should be paid to said widow during her natural life. Upon consideration of said clause, it clearly appears that no direction or instruction is given to the trustee or administrator as to the principal. Therefore, said John Ross died intestate as to the principal, and the same passes by descent, and not by any direction given in said will; that the principal of said sum passed by descent at the death of said John Ross, subject, however, to distribution, until the death of said wife, Lydia A. Ross, i e., a distribution of said principal sum was limited and placed in abeyance, until the death of his said wife, Lydia A. Ross.

Where a party dies intestate as to a portion of his estate, as to that particular portion the courts of this state have decided that the same passes under the statute of descent and distribution. See 1 Ohio St., 279:

"A testator can not, by any words of exclusion used in his will, disinherit one of his lawful heirs in respect to property not disposed of by his will.

"Such words can not be used to control the course of descent so as to carry the property to his other heirs.

"They can not be used to raise an estate by implication in favor of his other heirs, there being no attempt in the will to dis-

pose of the property or to create any interest therein."

The fourth item in this will makes no provision that the principal sum should be paid to any one, and it gives no direction or instruction, or places no liability or duty upon the present trustee, or his successors, as to what should be done at or after the death of his said wife, Lydia A. Ross.

Therefore, the principal sum passes by descent to the heirs of said John Ross, and there is nothing for the court to construe, and no directions can be given to the trustee in this case.

The demurrer to the petition is therefore sustained.

Walter A. DeCamp, and Hollister and Hollister, for plaintiff.

W. G. Roberts, for defendants.